1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ANTOINE DESHAWN BARNES,                No.  2:25-cv-0863 WBS CSK P

12                  Petitioner,

13         v.                              ORDER & FINDINGS &
                                           RECOMMENDATIONS
14  ROSEMARY OROZCO, et al.,

15                  Respondents.

16

17  **I. INTRODUCTION**

18         Petitioner, a county prisoner proceeding without counsel, filed a petition for a writ of

19  habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

20  pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to

21  afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See

22  28 U.S.C. § 1915(a).

23         Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for

24  summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and

25  any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the

26  following reasons, this Court finds that it is plain from the petition that petitioner is not entitled to

27  federal habeas relief because petitioner's claims are barred by the Younger abstention doctrine.

28  See Younger v. Harris, 401 U.S. 37 (1971).  Accordingly, the petition should be dismissed.

1

1    **II.  LEGAL STANDARDS**

2          The <u>Younger</u> abstention doctrine "is grounded in a 'longstanding public policy against

3    federal court interference with state court proceedings.'"  <u>Herrera v. City of Palmdale</u>, 918 F.3d

4    1037, 1043 (9th Cir. 2019) (quoting <u>Younger</u>, 401 U.S. at 43).  "A federal court may abstain

5    under <u>Younger</u> in three categories of cases: (1) parallel, pending state criminal proceedings,

6    (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings

7    that implicate a State's interest in enforcing the orders and judgments of its courts."  <u>Herrera</u>, 918

8    F.3d at 1043 (internal quotation marks omitted).

9          Abstention under <u>Younger</u> is required when: (1) there is an ongoing state judicial

10   proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate

11   opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief

12   seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.  <u>See</u>

13   <u>Duke v. Gastelo</u>, 64 F.4th 1088, 1094 (9th Cir. 2023); <u>see also</u> <u>Middlesex County Ethics Comm.</u>

14   <u>v. Garden State Bar Ass'n.</u>, 457 U.S. 423, 432 (1982); <u>Ohio Civil Rights Comm'n v. Dayton</u>

15   <u>Christian Schs., Inc</u>., 477 U.S. 619, 627 (1986).

16   **III.  DISCUSSION**

17         The grounds of the petition are difficult to understand.  Petitioner is incarcerated in the

18   Amador County Jail.  Petitioner claims he is being held pursuant to an "illegal unsupervised

19   mental health hold."  (ECF No. 1 at 2.)  In support of this claim, petitioner cites exhibits A and B

20   attached to the petition.  (<u>Id.</u> at 3.)  Exhibit A includes a copy of an Incident Report charging

21   petitioner with three Amador County Jail rule violations based on an incident occurring on

22   February 27, 2025.  (<u>Id.</u> at 13.)  Attached to Exhibit A is a copy of a Supplemental Report stating

23   that on March 1, 2025, petitioner was found to have committed the acts charged in the Incident

24   Report dated February 27, 2025.  (<u>Id.</u> at 14.)  As punishment, petitioner received four weeks of

25   television restriction.  (<u>Id.</u>)  Attached to Exhibit B is a copy of another Incident Report describing

26   an incident involving petitioner on February 20, 2025 in the Amador County Jail.  (<u>Id.</u> at 16.)

27   This report states that petitioner is in custody in the Amador County Jail "for a Mule Creek case

28   that entails assaulting Officers."  (<u>Id.</u>)  The Amador County Jail Correctional Officer who

1    prepared this Incident Report recommended that petitioner be reclassified as maximum security.

2    (Id.)

3        Based on the claims in the petition and exhibits attached to the petition, it appears that

4    petitioner challenges either ongoing criminal proceedings, i.e., the Mule Creek case involving

5    allegations that petitioner assaulted officers, and/or proceedings addressing petitioner's

6    competency related to the ongoing state criminal proceedings.

7        **A. Claims Challenging Ongoing Criminal Proceedings**

8        For petitioner's claims challenging the ongoing state criminal proceedings, the first

9    requirement for abstention under Younger appears present as the exhibits attached to the petition

10   indicate that there are ongoing state criminal proceedings.  See Middlesex County Ethics Comm.,

11   457 U.S. at 432.  The second requirement for abstention under Younger is met because the

12   pending state judicial proceedings involve an important state interest as they are ongoing criminal

13   proceedings.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45)

14   ("This Court has recognized that the States' interest in administering their criminal justice

15   systems free from federal interference is one of the most powerful of the considerations that

16   should influence a court considering equitable types of relief.").  The third requirement for

17   abstention under Younger is satisfied because petitioner does not demonstrate that the state

18   proceedings do not "'afford an adequate opportunity to raise the constitutional claims…'"

19   Middlesex County Ethics Comm., 457 U.S. at 432 (quoting Moore v. Sims, 442 U.S. 415, 430

20   (1979)); Herrera, 918 F.3d at 1046 (the burden is on petitioner to show that state procedural law

21   bars presentation of their claims); Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[O]rdinarily a

22   pending state prosecution provides the accused a fair and sufficient opportunity for vindication of

23   federal constitutional rights.").  The fourth requirement for abstention under Younger is met

24   because petitioner appears to seek to enjoin the ongoing state criminal proceedings.

25       "[E]ven if Younger abstention is appropriate, federal courts do not invoke it if there is a

26   'showing of bad faith, harassment or some other extraordinary circumstances that would make

27   abstention inappropriate.'"  Arevalo v. Hennessy, 882 F.3d 763, 765-66 (9th Cir. 2018) (quoting

28   Middlesex County Ethics Comm., 457 U.S. at 435).  Petitioner fails to demonstrate an

1  extraordinary circumstance that would make abstention inappropriate regarding his claims

2  challenging the ongoing criminal proceedings.  Accordingly, petitioner's claims challenging the

3  ongoing criminal proceedings against him are barred by the <u>Younger</u> abstention doctrine.

4       **B.  Claims Challenging Competency Proceedings**

5       For petitioner's claims challenging ongoing competency proceedings, apparently related

6  to the pending state criminal charges, the first requirement for <u>Younger</u> abstention appears

7  present based on petitioner's claim that he is being held pursuant to an "illegal unsupervised

8  mental health hold."  <u>See Middlesex County Ethics Comm.</u>, 457 U.S. at 432.  The second

9  requirement for <u>Younger</u> abstention is met because competency proceedings are "quasi-criminal

10  proceeding[s] that strongly implicate[] the state's interest in enforcing its orders."  <u>Martin v.</u>

11  <u>Rains</u>, 2020 WL 2395212, at *2 (C.D. Cal. May 11, 2020).  The third requirement for abstention

12  under <u>Younger</u> is satisfied because petitioner does not demonstrate that the competency

13  proceedings do not "afford an adequate opportunity to raise the constitutional claims."  <u>Middlesex</u>

14  <u>County Ethics Comm.</u>, 457 U.S. at 432 (quoting <u>Moore</u>, 442 U.S. at 430).  Petitioner may

15  challenge an incompetency finding by way of a direct appeal.  <u>See Elkins v. Bianco</u>, 2024 WL

16  4468029, at *3 (C.D. Cal. Aug. 22, 2024), findings and recommendations adopted, 2025 WL

17  487601 (C.D. Cal. Feb. 7, 2025) (citing <u>People v. Fields</u>, 62 Cal. 2d 538, 540 (Cal. 1965) (an

18  order committing a defendant charged with a crime for treatment until restored to mental

19  competency is appealable)).  The fourth requirement for abstention under <u>Younger</u> is met because

20  petitioner appears to seek to enjoin the ongoing state competency proceedings.

21       Petitioner fails to demonstrate an extraordinary circumstance that would make abstention

22  inappropriate regarding his claims challenging the competency proceedings.  <u>See Arevalo</u>, 882

23  F.3d at 765-66.  Accordingly, petitioner's claims challenging the competency proceedings, related

24  to the pending state criminal charges, are barred by the <u>Younger</u> abstention doctrine.  <u>See Bark v.</u>

25  <u>Patton State Hosp.</u>, 2019 WL 5580972, at *8-9 (C.D. Cal. Sept. 24, 2019), findings and

26  recommendations adopted, 2019 WL 5579536 (C.D. Cal. Oct. 29, 2019) (<u>Younger</u> abstention

27  applicable where petitioner had been found to be mentally incompetent to stand trial and

28  committed to a state hospital because the criminal case "has been paused while petitioner remains

1  committed in the state hospital" and state criminal proceedings remain ongoing).

2  **IV.  CONCLUSION**

3       For the reasons discussed above, this Court finds that the claims raised in this action are

4  barred by the <u>Younger</u> abstention doctrine.  This action should be dismissed.

5       Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma

6  pauperis (ECF No. 6) is granted; and

7       IT IS HEREBY RECOMMENDED that this action be dismissed.

8       These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, petitioner may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

13  he shall also address whether a certificate of appealability may issue and, if so, why and as to

14  which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

15  applicant has made a substantial showing of the denial of a constitutional right."  28

16  U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time

17  may waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153

18  (9th Cir. 1991).

19  Dated:  05/01/25

20                       CHI SOO KIM

21                       UNITED STATES MAGISTRATE JUDGE

22

23

24  Barnes863.dis/2

25

26

27

28

                     5